Aileen J. HUBER, Claimant-Appellant,

v.

REVIEW BOARD OF the INDIANA EM-
PLOYMENT SECURITY DIVISION

and

Indiana Bell Telephone Company,
Appellee.

No. 2–1280A416.

Court of Appeals of Indiana,
First District.

July 7, 1981.

David M. McTigue, Voor, Allen, Fedder, Herendeen & Kowals, South Bend, for claimant-appellant.

Richard W. Morgan, Thornburg, McGill, Deahl, Harman, Carey & Murray, South Bend, for Indiana Bell Tel. Co.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Aileen J. Huber (Claimant) appeals the final decision of the Review Board of the Indiana Employment Security Division (Review Board) denying her unemployment compensation benefits.

We affirm.

## STATEMENT OF THE FACTS

The evidence most favorable to the decision of the Review Board discloses that Claimant was employed as a telephone operator by Indiana Bell Telephone Company (Bell) on July 30, 1979. From January 21, 1980 to July 14, 1980, Claimant suffered from a number of medical infirmities which required her absence from employment. Dr. Lawrence Curry, her treating physician from March 20, 1980 to July 8, 1980, released Claimant to return to work on July 14, 1980. Dr. Curry gave Claimant a copy of the certificate to return to work; however, she failed to notify Bell of the release.

On July 24, 1980, Dr. Charles Rushmore, the Medical Director of Bell, examined Claimant and determined her able to return to work immediately and without restriction. Dr. Rushmore contacted Dr. Curry who offered no objection to Dr. Rushmore's decision.

Upon returning to work, Claimant told her supervisor she could not stand wearing her eye glasses continuously, and asked if there was any other job available which did not require her wearing eye glasses. Her supervisor told Claimant no other job was available, and Claimant's job as directory assistant required that she wear her eye glasses to read the screen display. Claimant refused to work and was dismissed for failing to maintain sustained employment.

Upon Claimant's filing a claim for unemployment compensation benefits, a dispute arose as to her eligibility for benefits. On Claimant's Notice of Eligibility Statement, Bell made the following entry on July 29, 1980:

"Aileen Huber was dismissed because she was unable to maintain sustained employment. She was on sickness disability since 2–21–80 receiving half pay. Our Medical Director examined her and approved her able to return to work on 7–24–80; however Mrs. Huber claimed she was unable to continue this type of job because of her eyesight. (Unable to wear glasses continuously.)"

On August 14, 1980, the deputy of the Indiana Employment Security Division presented the following facts and conclusions in his determination:

"CIRCUMSTANCES OF CASE

This individual had been on a sick disability since 2–21–80, receiving half-pay. She was released by the doctor to resume employment on or about 7–14–80 and the medical director for the Indiana Bell examined her and approved her as able to return to work on 7–24–80. She stated that she was unable to return to the type of work that she was doing which was a telephone operator because of her eyesight. She had had surgery on her nasal system and she states she is unable to wear her glasses continuously.

CONCLUSION OF DEPUTY

Claimant voluntarily left employment without good cause in connection with the work when she was released as physically able to return to work and failed to do so. Disqualification outlined under Chapter 15–1 applies."

In her August 19, 1980 request for a hearing to the Appeals Referee, Claimant stated:

"I did not voluntarily leave my job. I was dismissed. My union representative was present at the time."

At the hearing before the Appeals Referee, the following pertinent findings and decision were entered:

"The claimant had been examined both by the company doctor and her personal physician shortly before July 23, 1980. Both physicians indicated the claimant was able, available, and ready to return to work. The claimant indicated to her employer at that point that she did not think she could continue working because she could not wear her glasses for an extended period of time. At this point the claimant was terminated for refusing to return to employment, even though she had been released by both her physician and the company doctor to return to work.

CONCLUSION: From the foregoing findings it must be concluded from the best evidence available that the claimant was, in fact, discharged for just cause within the meaning and intent of Chapter 15, Section 1 of the Act.

DECISION: The determination of the deputy is modified to show that the claimant was discharged for just cause, rather than having voluntarily left employment without good cause in connection with the work, and affirmed in all other respects."

Claimant requested an appeal to the Review Board who adopted the findings and conclusions made by the referee, from which determination Claimant now seeks judicial review.

## ISSUES

Claimant raises two issues on appeal which we have restated:

I. Whether Claimant was given adequate notice of the issues to be decided at the Appeals hearing; and

II. Whether Claimant was discharged for just cause.

## DISCUSSION AND DECISION

*Issue I. Notice*

We preface our discussion by reciting our standard of review of final decisions by the Review Board. In *Ervin v. Review Board*, (1977) 173 Ind.App. 592, 598, 364 N.E.2d 1189, the court wrote:

"In reviewing the evidence to support the Review Board's determination we may not weigh the evidence and may consider only that evidence and the reasonable inferences therefrom most favorable to the Board's decision... On appeal, we may only disturb the decision of the Review Board if reasonable persons would be bound to reach a different conclusion on the evidence in the record." (Citations omitted.)

Claimant contends the deputy's determination that she had "voluntarily left employment without good cause in connection with work" was the issue she was properly notified of and prepared to address at the appeals referee hearing. Instead, Claimant continues, the issue the referee actually decided was whether she was discharged for just cause. Claimant argues she was not properly apprised of the issue to be decided pursuant to Ind. Code 22–4–17–6, which, in relevant part, provides:

"That with respect to any hearing before a referee held pursuant to section 1803 hereof, each party to such hearing shall be mailed a notice of such hearing at least five (5) days before the date of the hearing, and identifying the issues to be decided."

As authority, Claimant cites *Mouldings Division of Thompson Industries v. Review Board*, (1952) 122 Ind.App. 497, 106 N.E.2d 402, for the proposition that she had not received proper notice of the issue to be decided at the appeals referee hearing.

In *Mouldings, supra*, the employer told the Review Board the employee voluntarily quit work and should not be allowed unemployment benefits. The employer had mailed to employee's former address a notice to return to work while actually knowing of employee's current, correct address. The facts in *Mouldings* do not address the issue Claimant now raises.

 In her request for a hearing to the appeals referee, Claimant *acknowledged* her

dismissal from Bell. The facts upon which the deputy determined she voluntarily left work without good cause do not conflict with the findings made by the appeals referee other than his conclusion modifying the deputy's determination of reasons for her discharge. In both the deputy and appeals referee hearings, the evidence focused on Claimant's physical condition during her final day of employment with Bell.

We are of the opinion that Claimant cannot now contend her dismissal was a new and different issue from the matters discussed in the hearing before the deputy, for the substance of the dispute remained the same.

*Issue II. Discharge from employment for just cause*

Claimant contends her absence from employment was the result of a medically substantiated physical disability, and as such qualified her for unemployment compensation benefits pursuant to Ind. Code 22–4–15–1(2) (Supp.1980).

Ind. Code 22–4–15–1(2) provides:

"An individual whose unemployment is the result of medically substantiated physical disability and who is involuntarily unemployed after having made reasonable efforts to maintain the employment relationship shall not be subject to disqualification under this section for such separation."

Claimant further argues Dr. Gladish, the physician who performed her surgery, prescribed that she should not wear her eye glasses for prolonged periods of time.[1] Dr. Gladish's prescription was tendered to Claimant on September 10, 1980, nearly two months following her discharge from work with Bell.

The evidence most favorable to the Review Board shows that two physical examinations of claimant were conducted prior to her dismissal, both of which released her to return to work without restriction. Based upon the conclusions of the two physicians, Bell notified Claimant to return to work. She refused and was subsequently discharged.

██ In Indiana the question whether a claimant is available for work so as to be entitled to unemployment benefit payments is one of fact to be determined by the Review Board. *Van Benthuysen v. Review Board*, (1958) 128 Ind.App. 274, 147 N.E.2d 910.

Furthermore, the court in *Raham v. Review Board*, (1980) Ind.App., 405 N.E.2d 606, 607, faced the exact same issue and stated:

"The Employer and Review Board maintain this statute requires a claimant to medically substantiate his disability to his employer prior to termination, while Raham argues such substantiation need only be made in a subsequent hearing on determination of eligibility for benefits. We believe the substantiation of disability required by the statute must be made to the employer, since the statute compels the claimant to make 'reasonable efforts to maintain the employment relationship,' a requirement which presupposes the employer will be aware of the existence of a medical problem and of the physical limitations arising from such disability."

██ We agree with this construction of Ind. Code 22–4–15–1(2), and hold that Bell's dismissal of Claimant was sustained by the evidence.

Judgment affirmed.

ROBERTSON and RATLIFF, JJ., concur.

---

1. Page 13 of the Record contains Claimant's exhibit No. 1, a copy of Dr. Gladish's prescription, dated 9–10–80. However, it is such a poor reproduction of the original that we are unable to decipher it.