MORAN, APPELLANT, *v.* DOLLISON, REGISTRAR, BUREAU OF MOTOR VEHICLES, APPELLEE.

(No. 81AP-441—Decided October 20, 1981.)

*Messrs. Brownfield, Bowen, Bally & Sturtz* and *Mr. Richard S. Carey,* for appellant.

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Ronald J. O'Brien,* city prosecutor, and *Mr. David E. Tingley,* for appellee.

REILLY, J. This is an appeal from a judgment of the Franklin County Municipal Court.

The parties presented an "Agreed Statement of the Case," as follows:

"Pursuant to App. R. 9(D), the parties offer the following statement of the case, in lieu of a record on appeal:

"On April 9, 1980, Clay A. Moran was ticketed by a Columbus Police Officer for driving the wrong way on a one-way street. Mr. Moran provided the officer with his then-current address, 135 South Dakota Avenue, Columbus, Ohio, which address the officer placed on the ticket. Mr. Moran's operator's license, meanwhile, showed his address as being 436 Nace Avenue, Columbus, Ohio, actually his ex-wife's address.

"The ticket given Mr. Moran complied in all material respects with Traf. R. 3(B), relating to the Ohio Uniform Traffic Ticket.

"On June 18, 1980, Mr. Moran appeared before the Franklin County Municipal Court on the ticket above-described, was convicted, and was assessed his eleventh and twelfth points, in accordance with R.C. 4507.40(G). Mr. Moran was unaware of the total number of points then assessed against him.

"In due course the Franklin County Municipal Court forwarded the second sheet of the ticket, being the abstract of court record required by R.C. 4507.40(B), to the Bureau of Motor Vehicles. Just as the face, or first page, of the ticket con-

tained Mr. Moran's then-current address, so did this second page, the abstract of court record.

"On or about August 4, 1980, the Bureau of Motor Vehicles mailed a notice of suspension of his operator's license to Clay Moran at the address shown on his operator's license, 436 Nace Avenue. Mr. Moran did not receive the notice until November 13, 1980. On November 25, 1980, Mr. Moran caused a petition to be filed with the Franklin County Municipal Court, pursuant to R.C. 4507.40(K), seeking an opportunity to show cause why his operator's license should not be suspended. The Prosecutor for the City of Columbus moved to dismiss the petition for the claimed reason that it was not timely filed.

"Referee William Halgas issued a report on February 19, 1981, finding that the petition was not timely filed and recommending that it be dismissed. After oral arguments on Mr. Moran's objections to the Referee's report, the Franklin County Municipal Court, on May ____, 1981, dismissed the petition for reason of Mr. Moran's failure to timely file. From that dismissal Mr. Moran appeals."

Whereupon, plaintiff has perfected this appeal, including the following assignments of error:

"1. The Court Below Erred In Finding That The Bureau Of Motor Vehicles Properly Mailed The Notice of Suspension.

"2. The Court Below Erred In Dismissing The Complaint For Reason Of Lack of Jurisdiction."

Plaintiff's first assignment of error is well taken. The question is what constitutes plaintiff's "last known address" pursuant to R.C. 4507.40(K). If it is the address included on plaintiff's driver's license, then the bureau properly mailed notice of plaintiff's license suspension to his "last known address." If, however, it is the address that plaintiff gave to the police officer, which is in the possession of the bureau's registrar included on the

ticket and abstract of the court record, plaintiff's assignment of error must be sustained.

The case of *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, at pages 314-315, and 318, states in pertinent part, as follows:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. * * * The notice must be of such nature as reasonably to convey the required information, *Grannis* v. *Ordean, supra,* and it must afford a reasonable time for those interested to make their appearance, * * *.

"But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected, compare *Hess* v. *Pawloski,* 274 U.S. 352, with *Wuchter* v. *Pizzutti,* 276 U.S. 13, or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes.

"* * *

"* * * Where the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency."

Moreover, *Townsend* v. *Dollison* (1981), 66 Ohio St. 2d 225, at page 227 [20 O.O.3d 220], states that:

"This court held, at page 189, that '[t]he requirement of R.C. 4141.28(H), that the administrator's decision on

reconsideration be mailed "to the last known post office address of the appellant," contemplates that the administrator will mail the copy of the decision to the most current address available in the records of the bureau. That requirement is reasonably calculated to apprise the appellant of the decision and to afford him an opportunity to appeal within rule. R.C. 4141.28(H) meets the test of *Mullane, supra,* and *In re Foreclosure of Liens, supra* [(1980), 62 Ohio St.2d 333 (16 O.O.3d 393)] and is therefore not unconstitutional on its face.'

"There is no significant distinction between the effect of the notice requirements in R.C. 4507.40(K) and 4141.28(H). Both sections require notice to be mailed to the last known address, and both involve the constitutionality of a statutory scheme for administrative suspension or revocation of a benefit or right. As such, we find that the notice provision in ` R.C. 4507.40 is reasonably calculated to apprise the licensee of his license suspension."

Therefore, plaintiff is entitled to a notice reasonably designed to inform him of the proceedings against him. In this case, his current address is available. Such address is plaintiff's last known address, for purposes of due process and R.C. 4507.40(K). Furthermore, the necessary additional expense does not justify the denial of the basic standards of procedural due process notice. By providing such notice, the bureau need perform cross-checks only when the notice required by R.C. 4507.40 is sent to a licensee, not when every standard abstract is received.

Thus, the "last known address" pursuant to R.C. 4507.40(K) is the most current address in the records of the bureau registrar. Accordingly, plaintiff's first assignment of error is sustained.

Plaintiff's second assignment of error is also well taken. Proper notice for purposes of R.C.4507.40 is that which is reasonably calculated to apprise plaintiff of proceedings pending against him. In this case, since defendant failed to send plaintiff notice to his "last known address," there was not proper notice. Thus, the twenty day period within which plaintiff has to request a hearing, pursuant to R.C. 4507.40(K), did not commence until he received actual notice.

Plaintiff received such notice on November 13, 1980, and twelve days later, filed his petition on November 25, 1980. Consequently, since plaintiff filed his petition well within the required twenty day period, he is entitled to a hearing, pursuant to R.C. 4507.40. Therefore, plaintiff's second assignment of error is sustained.

Accordingly, for the foregoing reasons, the judgment is reversed and remanded for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

STRAUSBAUGH, P.J., and McCORMAC, J., concur.