**Thomas R. SMITH, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 3–1183A376.

Court of Appeals of Indiana,
Third District.

May 9, 1984.

Richard J. Thonert, Romero & Thonert, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant Thomas R. Smith was convicted of driving while intoxicated, IND.CODE § 9–4–1–54. On appeal, Smith contends that the evidence produced at trial was insufficient to support the judgment of conviction.

On March 13, 1983, Officer Richard Stoner of the Fort Wayne Police Department stopped Smith's vehicle due to a taillight malfunction. Smith had a strong odor of alcohol on his breath and was very unsteady on his feet. Officer Stoner explained probable cause to Smith and asked him to take a breathalizer test, which he refused. At trial, the State presented testimony by Officer Stoner describing the odor on Smith's breath and his staggering. Furthermore, the State presented evidence by means of a video tape and a written certification indicating Smith's refusal to take a chemical breath test. Based on this evidence, the trial court found Smith guilty and imposed a sentence and fine.

As stated in *Loyd v. State,* (1980) 272 Ind. 404, at 407, 398 N.E.2d 1260, at 1264:

"[u]pon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed, *Baum v. State,* (1976) 264 Ind. 421, 345 N.E.2d 831. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses, *Rosell v. State,* (1976) 265 Ind. 173, 352 N.E.2d 750."

Furthermore, the United States Supreme Court has held that refusal to take such chemical tests may be used as evidence of guilt without violating the right against self-incrimination or of fundamental fairness required by due process. *South Dakota v. Neville,* (1983) 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748.

■ The facts in this case are sufficient to sustain Smith's conviction. Smith smelled of alcohol, staggered, and later refused to take the breathalizer test as required under Indiana's implied consent law. Together, these facts reasonably imply beyond a reasonable doubt that he was in fact driving while intoxicated at the time he was stopped by Officer Stoner.

The judgment of conviction is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.