**DAUGHERTY v. McCULLION, REGISTRAR.**

(No. 85 CV 02061—Decided May 9, 1985.)

Hamilton County Municipal Court.

*Terry A. Pansiera,* for plaintiff.
*Rodney Prince,* for defendant.

PAINTER, J. This matter came on to be heard upon petitioner's, George E. Daugherty's, appeal of his driving suspension under R.C. 4507.40(K), for an alleged accumulation of twelve points, a "point suspension." Counsel for the Registrar of Motor Vehicles ("Registrar"), defendant herein, objected to this court's hearing of the matter, contending that, since the petitioner's appeal was not filed within twenty days of the alleged beginning date of the suspension, this court lacked jurisdiction to hear the matter.

Petitioner does not contest the Registrar's contention that he has accumulated twelve points; petitioner seeks only privileges to drive for purposes of his employment, which this court may allow pursuant to R.C. 4507.40(N). Counsel for the Registrar does not object to the granting of such privileges if this court has jurisdiction to hear the appeal, but simply contends that this court lacks jurisdiction because the appeal was not timely filed.

The petitioner was sent a notice of suspension on October 3, 1984, which stated that the beginning date of the suspension would be October 23, 1984. This was sent to an address on Robertson Avenue in Norwood, Ohio. The notice was returned to the Bureau of Motor Vehicles marked "unclaimed." The petitioner filed his appeal to this court on January 18, 1985. Absent any other factors, petitioner was clearly outside the twenty-day appeal time, and this court would not entertain the appeal.

Additional considerations do, however, exist. The petitioner was cited for speeding on May 19, 1984 in the city of Reading, Ohio. A copy of the "ticket" was entered into evidence herein. On the citation, Daugherty provided his then-

current address, which differed from the address on his driver's license. By the nature of the offense, a hearing was not required and Daugherty "paid out" the ticket. The Reading Mayor's Court entered a conviction and assessed two points against petitioner's license on June 1, 1984.

As previously noted, the Bureau of Motor Vehicles sent a purported suspension notice to petitioner, stating that the conviction in Reading had resulted in his accumulation of twelve points. Why it required four months for the bureau to accomplish this ministerial act is unclear from the record.

The next event relevant to this case happened on January 7, 1985, when Daugherty was involved in an automobile accident in the city of Norwood, Ohio. Daugherty apparently was not at fault in that accident; however, he was cited for driving under suspension because the officer, based upon a computer check of Daugherty's license, found that he had the outstanding "12 point suspension." Eleven days after learning of the alleged citation, Daugherty, through counsel, filed the instant case in this court, on January 18, 1985.

The procedure for the Bureau of Motor Vehicles' maintenance of operator's driving record is generally set by statute. Initially, the Registrar maintains a record of a licensee's address from information provided on the license application. R.C. 4507.06. When a court convicts a licensee of a traffic offense, it is required to prepare an abstract of the court record and forward it to the Bureau of Motor Vehicles on the form specified by the bureau. R.C. 4507.40. The form includes a record of a new address given to the police officer by the operator. The information so reported is available to the bureau as part of its official records, and selected parts, such as the dates of citations and convictions, points assessed, and the court reporting the conviction, are entered into its computer system. The change of address provided is apparently not entered into the computer.

The licensee has the obligation to notify the Bureau of Motor Vehicles of his last known address. *Townsend* v. *Dollison* (1981), 66 Ohio St. 2d 225 [20 O.O.3d 220]. Police officers are not required to determine whether the address they receive from the licensee is the last known address, nor is the Registrar required to make any further inquiry. However, if the address contained in the notice to the licensee is not the address given by the licensee to the police officer, then the proposed suspension is invalid and not effective until the licensee receives the notice. *Fell* v. *Bur. of Motor Vehicles* (1972), 30 Ohio App. 2d 151 [59 O.O.2d 269].

This is to be distinguished from the case where the licensee has given an *incorrect* address to the police officer. See, e.g., *Ryan* v. *Andrews* (1976), 50 Ohio App. 2d 72 [4 O.O.3d 49]; *State* v. *Schneider* (Oct. 24, 1984), Hamilton App. No. C-840044, unreported. The *Ryan* court emphasized the ways in which a recalcitrant driver could thwart the purposes of the suspension statute by moving or not accepting mail from the bureau. However, it was clear in the *Ryan* case that the driver had in fact engaged in such conduct. The *Schneider* court, in an unpublished opinion relied upon by counsel for the Registrar, based its decision on *Ryan,* specifically finding that the licensee provided the officer with an incorrect address. The court noted that its decision did not reach the issue presented in *Moran* v. *Dollison, infra.* Also, the court of appeals for this county subsequently decided, in *Sullivan* v. *McCullion* (Nov. 21, 1984), Hamilton App. No. 830920, unreported, not to reach that issue, though in *dictum* did state that a requirement for the licensee to supply a current address to the bureau "is not an undue burden." *Id.* at 3.

In its *per curiam* opinion in *Townsend, supra,* the Ohio Supreme Court applied the due process requirements articulated by the United States Supreme Court in *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, to the notice requirements of R.C. 4507.40(K), and found them to be constitutional. The court first considered the notice requirements of R.C. 4141.28(H), regarding workers' compensation which it had analyzed in *Holmes* v. *Union Gospel Press* (1980), 64 Ohio St. 2d 187 [18 O.O.3d 405]. It then extended the *Holmes* analysis to R.C. 4507.40(K).

The court held that " '[t]he requirement of R.C. 4141.28(H), that the administrator's decision on reconsideration be mailed "to the last known post office address of the appellant," contemplates that the administrator will mail the copy of the decision to *the most current address available in the records of the bureau.* * * *' " *Townsend* v. *Dollison, supra,* at 227 (quoting with approval from *Holmes, supra;* emphasis added).

The court went on to state that "[t]here is no significant distinction between the effect of the notice requirements in R.C. 4507.40(K) and 4141. 28(H). Both sections require notice to be mailed to the last known address, and both involve the constitutionality of a statutory scheme for administrative suspension or revocation of a benefit or right." *Id.*

In the *Townsend* case, the bureau had mailed the notice to the petitioner's "last known address," but it had been returned "unclaimed." Therefore, the court ruled that the notice requirement had been satisfied. The Court of Appeals for Franklin County has applied the court's holding in *Townsend* to a case factually indistinguishable from the case at bar, and found that "[t]he 'last known address' pursuant to R.C. 4507.40(K) is the most current address in the records of the bureau registrar." *Moran* v.

*Dollison* (1981), 3 Ohio App. 3d 121, 123. That address is the current address which the licensee provides to a police officer at the scene of a traffic citation, and which is forwarded to the bureau under the statutory scheme detailed above.

In *Moran,* the defendant had supplied police with his "then-current" address upon his arrest for the offense, which, on conviction, constituted his twelfth point within two years. This address was forwarded to the Bureau of Motor Vehicles as part of the court abstract. The bureau, upon assessing his twelfth point, mailed notice of suspension to the address on the license, Moran's ex-wife's home, though that address differed from that given by Moran to the arresting officer. Explaining its decision, the court stated that "[the] plaintiff is entitled to a notice reasonably designed to inform him of the proceedings against him. In this case, his current address is available. Such address is plaintiff's last known address, for purposes of due process and R.C. 4507.40(K). Furthermore, the necessary additional expense does not justify the denial of the basic standards of procedural due process notice. By providing such notice, the bureau need perform cross-checks only when the notice required by R.C. 4507.40 is sent to a licensee, not when every standard abstract is received." *Id.*

The Ohio Supreme Court's determination of what constitutes a "last known address" has also been applied to the Bureau of Motor Vehicles in the context of a security deposit suspension (R.C. 4509.17) by the Court of Appeals for Summit County. *State* v. *Morrison* (1982), 2 Ohio App. 3d 364.

Thus, the *Townsend* holding was anticipated by the Court of Appeals for Cuyahoga County in *Fell,* was followed by Franklin County in *Moran,* and was extended to financial responsibility suspensions by Summit County in *Mor-*

*rison.* Hamilton County has never ruled directly on the issue.

We hold that the notice sent to petitioner herein was not sent to his "last known address" and therefore the twenty-day period for filing a petition did not commence until he received *actual notice. Moran* v. *Dollison, supra.*

Petitioner received actual notice on January 7, 1985, when he was told of the suspension by a police officer. The petition herein was filed with this court on January 18, 1985, well within twenty days after actual notice of the suspension. Therefore, the purported suspension pursuant to the notice mailed to petitioner's former address on October 3, 1984 is void, and this court has jurisdiction to hear the instant case. Petitioner is seeking only work-related driving privileges, which are not objected to by counsel for the bureau, and they will be granted by separate entry.

*Judgment accordingly.*