George HUNTER, Appellant,

v.

STATE of Indiana, Appellee.

No. 20A03–8702–CR–49.

Court of Appeals of Indiana,
Third District.

Sept. 30, 1987.

Rehearing Denied Oct. 28, 1987.
Transfer Denied Feb. 23, 1988.

Richard L. Mehl, Goshen, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant George Hunter appeals a jury's verdict convicting him of driving with a suspended license, a Class D felony. As a result of his conviction the trial court sentenced Hunter to a two-year term of imprisonment, and his driver's license was suspended for life.

On appeal Hunter presents a single issue for review: whether the evidence was sufficient to support the jury's verdict that he was driving while his license was suspended in violation of IND. CODE § 9–12–3–1 (1984 Supp.).

The evidence relevant to this appeal discloses that Hunter attended an administrative hearing by the Bureau of Motor Vehicles on April 2, 1985. The hearing officer placed Hunter on a one-year period of probation ending April 2, 1986. Twenty days later after examining its records, the Bureau suspended Hunter's license although no new violations occurred. On October 10, 1985 Hunter was stopped for disregarding a stop sign. A computer check revealed that Hunter's license was suspended and that he was an habitual traffic offender.

At Hunter's trial, the officer could testify only as to the fact that he stopped Hunter for the traffic violation and the results of the computer check of Hunter's driving record. As its only other evidence, the State offered and the court admitted into evidence, a certified copy of Hunter's driving record from the Bureau. Attached to that record was a letter dated May 1, 1985 addressed to Hunter stating that his driver's license had been suspended. The State offered no testimony or other showing that the letter had been mailed to Hunter.[1] Hunter denied receiving the letter.

IND. CODE § 9–12–2–1 (1984 Supp.) provides:

"(a) Whenever it appears from the records maintained in the bureau that a person's driving record brings him within the definition of an habitual violator under IC 9–12–1–4, the commissioner *shall* mail a notice to the person's last known address that informs the person that his driving privileges will be suspended in thirty (30) days because the person is an habitual violator according to the records of the bureau.

(b) Thirty (30) days after the commissioner *has mailed a notice* under this section, he shall suspend the person's driving privileges for:

(1) ten (10) years if the person is an habitual violator under IC 9–12–1–4(b);

(2) ten (10) years if the person is an habitual violator under IC 9–12–1–4(c); or

(3) five (5) years if the person is an habitual violator under IC 9–12–1–4(d).

(c) The notice must inform the person that he may be entitled to relief under section 2 of this chapter or may seek judicial review of his suspension under this chapter." (Emphasis added.)

While it is true that an appellate court may not reweigh the evidence or judge the credibility of witnesses, there must be substantial evidence of probative value to sustain a conviction beyond a reasonable doubt. *Pyle v. State* (1985), Ind., 476 N.E.2d 124, 126. Although Hunter denied receiving the notification of license suspension, whether or not he received the letter is not the pivotal question. Pursuant to IND. CODE 9–12–2–1, the Bureau's burden relates to the mailing of the notice. The State's failure to present any evidence from which the mailing of the notice may be inferred, requires reversal of Hunter's conviction.[2] There being insufficient evidence that notice of the suspension of his driver's license was mailed to Hunter,[3] the conviction must be reversed.

Reversed.

---

1. The certification of the documents within State's Exhibit No. 1 does not address the *mailing* of the notice of suspension to Hunter. The certification reads in relevant part:

"I, the Commissioner of the Bureau of Motor Vehicles of the State of Indiana, hereby certify [sic] that the following and hereto attached is a full, true and complete copy of the driving record and notice of suspension of George Hunter, D.O.B. 12/11/58, 1932 Maplehurst, Mishawaka, Indiana."

2. This opinion expressly does not address any question of Hunter's receipt of the notice. The only issue involved is the failure by the State to produce any evidence of mailing of the notice as required by the statute.

3. It is often stated that driving is a privilege, not a right; however, the realities of modern society have altered the logic of such a statement. In a country with less than varied and complete mass transportation systems, it is impractical to expect a person to accomplish necessary daily

GARRARD, P.J., concurs, except as to footnote 3 to which he dissents.

STATON, J., dissents with opinion.

**STATON, Judge, dissenting.**

I dissent from the Majority for the following reasons:

1. The Majority has assumed the role of fact finder and substituted its findings for those of the jury.

2. The Statute, IC 9–12–2–1, provides that when the driver's record shows that he is a habitual violator under IC 9–12–1–4 that "the commissioner shall mail a notice to the person's last known address ..." State' Exhibit Number 1 shows a certified copy of the "Notice of Suspension". This Exhibit was admitted in evidence and considered by the jury. (Tr. 160)

3. Hunter's denial that he never received the notice is a question of fact for the jury—not this Court of review; the jury did not believe Hunter's denial.

State's Exhibit Number 1 certifies that notice of suspension was mailed to Hunter. A copy of the letter of suspension and a copy of Hunter's driving record comprise State's Exhibit Number 1 which was admitted in evidence and considered by the jury in its deliberations. Hunter's testimony that he did not receive the letter of suspension is a question of fact for the jury. The jury did not believe Hunter. For our review, the matter of notice is closed and determined.

I would abandon the fact finding position assumed by the Majority and affirm the trial court.

tasks without a driver's license. Further, the statutorily imposed due process requirements prior to suspending an individual's license, tend to clothe driving with the appearance of a right. Notwithstanding any privilege versus right issue, suspension of one's driver's license for life and a felony conviction absent evidence of the mailing of a notice of the original suspension or habitual offender determination, carries serious implications.