**Arthur A. PUSKAC, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 64A03–8809–CR–296.

Court of Appeals of Indiana, Third District.

April 5, 1989.

James V. Tsoutsouris, Public Defender, Porter County and Joanne Tapocsi–Lohmeyer, Deputy Public Defender, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen. and John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Arthur A. Puskac appeals his jury convictions for driving while intoxicated, a class D felony,[1] and operating a motor vehicle after being adjudged an habitual traffic offender.[2] This appeal raises four issues, restated as:

1) Whether the trial court erroneously gave an incomplete instruction to the jury regarding operating a motor vehicle while suspended.

2) Whether the evidence is sufficient to support the conviction for driving while intoxicated.

3) Whether the evidence is sufficient to support the conviction for operating a motor vehicle after being adjudged an habitual traffic offender.

4) Whether the State engaged in prosecutorial misconduct during final argument.

We affirm in part and reverse in part.[3]

On October 15, 1987 Master Trooper, David Kintzele, of the Indiana State Police, received a radio transmission of a possible drunk driver in a green pickup truck eastbound on the Indiana Toll Road. As the trooper entered the toll road, he saw a green pickup truck exiting the toll road on the other side of the tollgate. The trooper turned around and followed the truck north on Indiana 49. The trooper observed the truck weaving from side to side in its lane of travel and travelling at 60 MPH in the 50 MPH posted speed zone. The trooper used his red lights to pull over the truck. When the trooper asked the driver for his driver's license, the driver produced an identification card from the Lake County Welfare Department. The trooper observed that the driver, Puskac, gave off a strong odor of alcohol, had bloodshot eyes and a red face. When Puskac got out of the truck, he swayed and was unsteady on his feet. The trooper did not administer a field sobriety test because he had pulled the truck over in a construction area and he did not believe there was enough room away from the traffic to safely conduct the test. The trooper did give Puskac the im-

---

1. IC 9–11–2–3.

2. IC 9–12–3–1.

3. Because of our disposition of issue #3, we need not address issues #1 and #4.

plied consent advisement[4] but Puskac refused to take the breatholizer test. Later, at the police station, Puskac again refused to take the breatholizer test and became belligerent toward the police.

## I.

### Intoxication

Puskac raises the issue whether the evidence is sufficient to support his conviction for driving while intoxicated. In reviewing the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. We look to the evidence most favorable to the State, along with all reasonable inferences to be drawn therefrom, to see if there is substantial evidence of probative value to support the verdict. *Jones v. State* (1988), Ind., 518 N.E.2d 479, 481.

Puskac argues the evidence is insufficient to prove he was "impaired ... to such an extent as to endanger any person." IC 9–11–1–5. He relies on *Warner v. State* (1986), Ind.App., 497 N.E.2d 259, to support his claim that the evidence is insufficient. However, *Warner* is inapposite to the case presented here. In *Warner*, the only evidence of intoxication was an odor of alcohol, bloodshot eyes, and a blood alcohol content of .23. Warner's driving was not unusual and he passed a field sobriety test. The court rejected the State's argument that a BAC greater than .10 is prima facie evidence of impairment. *Id.*

Here, Puskac was speeding and weaving from side to side in his lane of traffic. The trooper detected an odor of alcohol, that Puskac had bloodshot eyes, a red face and that he was unsteady on his feet. A field test was not given because the conditions were not safe and Puskac refused to take a breatholizer test. The evidence is sufficient to support the conviction for driving while intoxicated. *See Smith v. State* (1984), Ind.App., 462 N.E.2d 1333 (odor of alcohol, staggering and refusal to take breatholizer test sufficient to support conviction for driving while intoxicated.)

## II.

### Suspended License

Puskac next raises the issue whether the evidence is sufficient to support his conviction for driving while his license was suspended. IC 9–12–3–1 provides in pertinent part:

(a) A person who operates a motor vehicle:

(1) while the person's driving privileges are suspended under IC 9–12–2 [habitual traffic offender]; or

(2) in violation of restrictions imposed under IC 9–12–2;

commits a Class D felony.

Caselaw has interpreted this statute to require "a showing that the defendant knew or reasonably could have known that his driving privileges had been suspended as a result of his having been determined to be an habitual traffic offender." *Burdine v. State* (1987), Ind.App., 510 N.E.2d 1385, 1389, *reh. denied.* The State can prove the requisite knowledge by showing that notice of the impending suspension had been mailed by the Commissioner of the Bureau of Motor Vehicles (BMV) to the defendant's last known address as provided by IC 9–12–2–1. *Id.*

The court admitted into evidence a certified copy of Puskac's driving record containing a notice of suspension addressed to Puskac at his last known address. Puskac contends that the copy of the notice in his record is not sufficient evidence from which a jury could infer that the notice had been mailed. The State contends that it is sufficient. Presumably unbeknownst to both Puskac and the State, since neither party cited us to it, this precise question has been addressed by this court. *See Hunter v. State* (1987), Ind.App., 516 N.E.2d 73 (Staton, J., dissenting), *trans. denied.* While the author of this opinion has previously opined that a certified copy of the notice in the BMV's records is evidence from which a jury could infer that notice was sent, *id.* (dissenting opinion), the contrary majority opinion holding in *Hunter* is

---

**4.** IC 9–11–4–1 *et seq.*

controlling and mandates that we conclude the evidence here insufficient to prove notice of suspension was sent to Puskac. Consequently, we reverse his conviction for operating a motor vehicle after being adjudged an habitual traffic offender.

Affirmed in part and reversed in part.

GARRARD, P.J., concurs.

SHIELDS, P.J., concurs in result.