**Paul M. RUBY, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 49A04–8906–CR–246.**

Court of Appeals of Indiana,
Fourth District.

Jan. 30, 1990.

Reginald B. Bishop, Roberts & Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Defendant–Appellant Paul M. Ruby (Ruby) appeals his conviction for Operating a Vehicle While Privileges are Suspended, a class D felony, IND.CODE 9–12–3–1.

We affirm.

Ruby presents four issues for our review, which we restate as:

1. whether the trial court erred in admitting State's Exhibit 1 into evidence;

2. whether the trial court's decision was supported by sufficient evidence;

3. whether the trial court erred in allowing the arresting officer to testify about Ruby's slurred speech, bloodshot eyes, and flushed face, and;

4. whether the trial court erred in allowing the arresting officer to testify concerning statements by the police dispatcher and/or Bureau of Motor Vehicles (BMV).

On March 31, 1988, Officer Richard D. Utley of the Indianapolis Police Department signaled Ruby to stop the car he was driving after he observed Ruby driving in an erratic manner. Ruby informed the officer of his name and also stated he did not have a driver's license. The officer ran a standard computer check which revealed Ruby was classified as an habitual traffic offender. Ruby was arrested and after a bench trial was convicted of operating a vehicle while his driving privileges were suspended.

Additional facts will be discussed as necessary.

Ruby raises the issues of whether the trial court erred in admitting State's Exhibit 1 into evidence, and whether the Exhibit was sufficient to support his conviction. I.C. 9–12–3–1, the statute under which Ruby was convicted, provides in pertinent part:

(a) A person who operates a motor vehicle:

·(1) while the person's driving privileges are suspended under IC 9–12–2 [habitual traffic offender]; or

(2) in violation of restrictions imposed under IC 9–12–2;

commits a Class D felony.

The statute has been interpreted to require a showing "that the defendant knew or reasonably could have known that his driving privileges had been suspended as a result of his having been determined to be an habitual traffic offender." *Burdine v. State* (1987), Ind.App., 510 N.E.2d 1385, 1389, *reh. denied, trans. denied.* The State may meet its burden of proving intent by referring to the facts and circumstances surrounding the case. The State must show either that the defendant acted with knowledge he had been adjudged an habitual traffic offender or that notice of the impending suspension had been mailed by the Commissioner of the Bureau of Motor Vehicles to the defendant's last known address as required by IND.CODE 9–12–2–1.[1] *Id.*

Ruby denied having actual notice of his habitual offender status. In response, the State introduced Exhibit 1 as proof of compliance with I.C. 9–12–2–1. The exhibit consists of a certification page and five attached documents. The heading of the certification page identifies Ruby by name and date of birth and also refers to the five

---

**1.** I.C. 9–12–2–1 states:

The Commissioner shall mail a notice to the person's last known address that informs the person that his driving privileges will be sus- pended in thirty (30) days because the person is an habitual violator according to the records of the bureau.

attached documents. The certification page certifies that these documents constitute a full and complete copy of the records appearing in BMV files. The agency's seal is affixed to the certification page and the page is stamped with the Commissioner's signature. It is also signed by Melinda Wilkerson, the Commissioner's designee. The certification page identifies the Commissioner as the custodian of bureau records.

One of the attached documents is a copy of Ruby's letter of suspension for habitual traffic violations. Also included in the exhibit is a document, identified with the heading "Certification of Mailing," which indicates Ruby's suspension letter was mailed to 5823 North Parker, Indianapolis, Indiana 46220, on October 23, 1985. (R. 129 e–f).

Ruby contends the trial court erred in admitting Exhibit 1 because it contains hearsay evidence. Ruby relies upon *Kinkade v. State* (1989), Ind.App., 537 N.E.2d 541, as authority for his argument. In *Kinkade*, the trial court overruled the defendant's hearsay objection to the admission of the BMV's exhibit. The court of appeals reversed, stating the notation regarding mailing did not qualify for admission under either the business record or official record exception to the hearsay rule. On appeal, Ruby contends Exhibit 1 is inadmissible under *Kinkade*.

■ At trial, Ruby interposed a general objection to Exhibit 1 on the basis there was "no foundation, yet." (R. 75). He then made his objection more specific but failed to object on hearsay grounds. "When a specific objection to the admissibility of evidence is made at trial[,] any other possible objections are waived." *Mogle v. State* (1984), 471 N.E.2d 1146, 1150 (quoting *Morgan v. State* (1981), Ind.App., 427 N.E.2d 1131, 1133). Because Ruby did not make a hearsay objection or refer to exceptions to the hearsay rule, he has waived the issue of whether the BMV records constitute inadmissible hearsay.

■ Ruby further argues Exhibit 1 is insufficient evidence of mailing of the suspension notice. He contends the document

certifying mailing is defective because it is not signed by the Commissioner. We disagree.

The State is required to present evidence of mailing the suspension letter. *Hunter v. State* (1987), Ind.App., 516 N.E.2d 73, *reh. denied, trans. denied.* However, neither I.C. 9–12–2–1 nor case law requires the proof of mailing to follow a particular format. The State, in the absence of a hearsay objection which questions compliance with the certification or authentication format of the business record or official record exception, meets its burden by reference to all the facts and circumstances surrounding the case. *Burdine, supra.* In the instant case, all the documents contained in Exhibit 1 were certified by the Commissioner as full and complete copies of BMV records. The document certifying mailing is signed by Melinda Wilkinson, the Commissioner's designee for such purposes. This document is not defective because it is included as part of a properly certified BMV record.

■ Ruby also contends the certification of mailing document is defective because it is directed only to 5823 N. Parker and does not specifically state mailing was made to the defendant's last known address. The certification refers to the attached suspension letter which identifies the defendant by name and lists North Parker as his address. Ruby himself testified that even though he was incarcerated at the time of mailing, his mail was received by his mother at his North Parker residence. Furthermore, both Ruby and his mother testified she lived at Ruby's former address and opened and sorted all of Ruby's mail. There is substantial evidence the BMV complied with I.C. 9–12–2–1 by mailing Ruby's suspension letter to his last known address.

■ Ruby contends Officer Utley's testimony concerning Ruby's slurred speech, bloodshot eyes, and flushed face was inadmissible because it was irrelevant, immaterial, and prejudicial. Ruby further contends the testimony was relevant to a Driving While Intoxicated charge and not the

382

charge for which he was tried. The State contends the testimony was properly admitted under the theory of *res gestae*.

We agree with the State. Admission of evidence under the theory of *res gestae* is within the sound discretion of the trial court. *Blankenship v. State* (1984), Ind., 462 N.E.2d 1311, 1313. Actions occurring near in time and place which complete the story of the crime are admissible under the *res gestae* theory. *Id.* Evidence of noncharged crimes may be admitted when part of an uninterrupted transaction. *Id.* Officer Utley's testimony completed the story of Ruby's erratic driving and subsequent arrest. The probative value of the testimony was clearly not outweighed by whatever, if any, prejudicial impact it may have had on the trial judge.

Finally, Ruby contends Officer Utley's testimony regarding the statements of the dispatcher was erroneously admitted. We disagree. Officer Utley's recitation of the dispatcher's statements was not offered to prove the truth of the matter asserted, but to explain the reason for Ruby's subsequent arrest. Evidence introduced to explain a particular course of action, even though containing out-of-court statements by third parties, is admissible because it is not being offered as evidence of the truth of the third party statement. *Forehand v. State* (1985), Ind., 479 N.E.2d 552, 555.

Affirmed.

CHEZEM, P.J., and BAKER, J., concur.