**Randall G. BROWN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 65A04–9509–CR–344.

Court of Appeals of Indiana.

July 24, 1996.

Transfer Granted Sept. 23, 1996.

Mark A. Foster, Evansville, Jon Aarstad, Evansville, for Appellant.

Pamela Carter, Attorney General of Indiana, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Randall Brown appeals his conviction of Operating a Vehicle While Suspended as an Habitual Traffic Violator, a class D felony, Ind.Code 9–30–10–16 (Supp.1995).

We reverse.

### ISSUES

The parties raise two issues, which we restate as:

1. Whether Brown was provided with sufficient notice that his license had been suspended based on his status as an habitual traffic violator, when records of two of the offenses upon which the Bureau of Motor Vehicles based his suspension indicated more recent addresses than the one to which the Bureau sent the notice.

2. Whether the trial court improperly refused Brown's tendered jury instruction on the mailing of notice.

Because the notice to Brown was insufficient, we do not address the refusal of the jury instruction.

### FACTS

On October 22, 1994, Brown was stopped by a Posey County sheriff's deputy because he was driving in the dark without tail lights. A check of Brown's driving record revealed his license had been suspended and that Brown was an habitual traffic violator. The officer asked Brown if he knew his license had been suspended, and Brown replied he did. The record does not reflect that Brown knew why his license was suspended.

On June 17, 1987, the Indiana Bureau of Motor Vehicles (BMV) addressed an "Habitual Traffic Violator Notice of Suspension" to Brown at 1500 E. Indiana St. in Evansville. The notice listed the four traffic violations which served as the basis for the suspension, and advised Brown of his right to administrative and judicial review of the suspension and of the procedure for petitioning for a probationary license. The trial record included copies of tickets from the two earliest violations, both in 1983, which indicated Brown's address as 1500 E. Indiana Street. The record also included abstracts certifying to the BMV Brown's two most recent convictions upon which the suspension was based. The abstracts, dated April 24, 1987 and describing offenses on November 22, 1986 and February 2, 1987, indicated different and more recent addresses for Brown. According to a BMV "Indiana Official Driver Record" dated March 17, 1995, Brown's driver's license had expired in November 1986.

### DISCUSSION

One element of the offense of Operating a Motor Vehicle While Suspended as an Habitual Traffic Violator is a valid suspension. *Loe v. State,* 654 N.E.2d 1157, 1158 (Ind.Ct.App.1995). If the BMV's records indicate that a driver is an habitual violator, "the bureau shall mail a notice to the person's last known address that informs the person that the person's driving privileges will be suspended in thirty (30) days because the person is a habitual violator according to the records of the bureau." Ind.Code 9–30–10–5(a) (1993). The notice must inform the driver that administrative or judicial review of the suspension is available. Ind.Code 9–30–10–5(c). The purpose of notice is to inform the interested party of the nature of the action and the opportunity to make a defense, and if the BMV fails to properly inform the defendant of the suspension and the defendant's rights to seek review, the suspension is not valid. *Loe,* 654 N.E.2d at 1159.

Proof of mailing the notice and of the content of the notice are evidentiary prerequisites to a valid suspension, *Bishop v.*

*State*, 638 N.E.2d 1278, 1280 (Ind.Ct.App. 1994), *reh'g denied*, and if those evidentiary prerequisites do not appear in the record, the State cannot establish the element of a valid suspension and a conviction for driving while suspended as an habitual violator cannot be sustained. *Id.* More specifically, to prove the element of suspension, there must not only be proof of mailing, but also evidence that the notice of the BMV determination was sent to the defendant's last known address. *Kinkade v. State*, 537 N.E.2d 541, 544 (Ind. Ct.App.1989).

■ The State failed to present evidence that notice was sent to Brown's last known address. Due process concerns are implicated when the State suspends drivers' licenses, *see Hunter v. State*, 516 N.E.2d 73, 74 n. 3 (Ind.Ct.App.1987) *reh'g denied, transfer denied*, and we have long recognized that due process concerns dictate that one who is required to mail notice to another do so in a manner that makes it reasonably probable that the other will receive actual notice. *Mouldings Div. of Thompson Industries v. Review Bd.of Indiana Employment Sec. Div.*, 122 Ind.App. 497, 501, 106 N.E.2d 402, 404 (1952). In *Thompson Industries*, an employee provided Thompson with her home address when she started work there, and failed to notify Thompson of her change of address when she moved.[1] After she was laid off, she filed for unemployment benefits and the Employment Security Division sent a notice to Thompson indicating the employee's current address which she provided on her unemployment application. Thompson's union contract stated that notice of recall was to be sent to the employee's last known address. Thompson sent a recall notice to the employee at the address indicated on her employment records; the employee did not respond, and was terminated. As a result, her unemployment benefits were denied. We held that the employee's "last known address" was the current address indicated on her unemployment application because it was the address "last known to the employer,

notwithstanding an earlier address filed with the employer by the employee and by [her] left unchanged." *Id.* at 501, 106 N.E.2d at 404. Even though the employee was remiss in her contractual duty to inform her employer of address changes, the employer made no good faith effort to give her notice of recall that it was reasonably probable she would receive. *Id.*

The Ohio Court of Appeals addressed a situation almost identical to Brown's in *Moran v. Dollison*, 3 Ohio App.3d 121, 444 N.E.2d 55 (1981). Moran challenged the suspension of his driver's license because he received his notice of suspension too late to file a petition pursuant to statute allowing him to show cause why his license should not be suspended. In August of 1980, the Ohio Bureau of Motor Vehicles had mailed the notice of suspension to the address shown on Moran's operator's license. He no longer lived at that address. Four months before the suspension, Moran had been ticketed for a traffic violation that served as part of the basis for the suspension. The ticket indicated Moran's current address, and a copy of it had been forwarded to the bureau. The court held that for purposes of Moran's suspension notification, his "last known address" was not the address indicated on his driver's license, but was the address he gave to the police officer who ticketed him for a traffic offense when that address had been forwarded to the bureau:

Therefore, plaintiff is entitled to a notice reasonably designed to inform him of the proceedings against him. In this case, his current address is available. Such address is plaintiff's last known address, for purposes of due process and [the suspension notification statute.] Furthermore, the necessary additional expense does not justify the denial of the basic standards of procedural due process. By providing such notice, the bureau need perform cross-checks only when [a suspension no-

1. The collective bargaining agreement that applied to Thompson and the employee provided that "all laid off employees shall be responsible for keeping his (sic) address correct and up to date through proper notice to the employer."

106 N.E.2d at 403. Similarly, Ind.Code 9–24–13–4 (1993) requires that anyone holding a BMV license or permit immediately notify the bureau of a change of address.

tice] is sent to a licensee, not when every standard abstract is received.

*Id.* 444 N.E.2d at 57–58.

Brown's current address was available to the BMV because approximately two months before the BMV sent its notice of suspension to Brown, it was made aware from the ticket abstracts upon which it based the suspension that Brown had at least two addresses more recent than the address to which BMV mailed the notice. When a current address is available to the Bureau, that address is the defendant's "last known address" for purposes of the suspension notification statute.

### CONCLUSION

The State failed to prove the valid suspension of Brown's license, an element of the crime of Operating a Motor Vehicle While Suspended as an Habitual Traffic Violator. His conviction is reversed.

DARDEN, J., concurs.

CHEZEM, J., dissents with separate opinion.

CHEZEM, Judge, dissenting.

I respectfully dissent. Under Indiana law, if an individual holding a license moves from the address where the licensee resided at the time the license was granted to the licensee, the licensee "shall immediately notify the bureau [of motor vehicles] in writing" of the licensee's old and new address and the number of the license held by the licensee. Ind. Code § 9–24–13–4.

Brown's driver's license expired in November of 1986. Accordingly, until December 1, 1986, Brown was "an individual holding a license" under Ind.Code § 9–24–13–4, and thus was required to immediately notify the BMV of any address change.[2] On November 22, 1986, Brown was arrested for driving while intoxicated. When arrested, Brown gave a new address, 2223 Lincoln Avenue, rather than his old address, 1500 E. Indiana Street. However, at that time, he failed to notify the BMV of his new address. Thus, like the defendant in *Roberts v. State,* 182 Ind.App. 430, 395 N.E.2d 802 (1979), *overruled on other grounds by State v. Keihn,* 542 N.E.2d 963 (Ind.1989), Brown "has himself disabled the Bureau from giving proper notice. He has demonstrated no concern about whether or not *the Bureau* had his correct address." *Roberts,* 395 N.E.2d at 803 (emphasis added).

I would apply the *Roberts* court's reasoning to the present circumstances and hold that Brown is in no position to complain about lack of notice. To do otherwise rewards Brown for neglecting the legal duty imposed upon him by Ind.Code § 9–24–13–4, and creates a time-consuming, costly, and quite unnecessary burden upon the BMV. *Cf. Holmes v. Randolph,* 610 N.E.2d 839, 846 (Ind.1993)(because licensed drivers in Indiana have a duty to notify the BMV of any change in address, the abandoned vehicle department is entitled to assume a notice letter will reach the vehicle owner's actual, current address); *see also Collins v. State,* 567 N.E.2d 798 (Ind.1991)(affirmed conviction of defendant who claimed he did not receive BMV notice because he was separated from wife at time notice would have been mailed; yet, same defendant did not notify BMV of new address, and was aware of his suspension).

Moreover, because I think the substance of Brown's "mailing of notice" jury instruction was adequately covered by other instructions read by the trial court, I see no error in the refusal of his instruction. *See Clemens v. State,* 610 N.E.2d 236 (Ind.1993), *reh. denied.* As such, I would affirm the conviction.

---

2. Had the November 22, 1986 incident actually occurred *after* the November 30, 1986 expiration of Brown's driver's license, I would be more inclined to vote with the majority because at that point Brown would no longer have been an individual holding a license, and thus would have been under no duty to notify the BMV of an address change.