TOWNSEND, APPELLANT, *v.* DOLLISON,
REGISTRAR, APPELLEE.

(No. 80-1258—Decided May 20, 1981.)

*Mr. Thomas S. Haney,* for appellant.

*Ms. Saundra J. Robinson,* city prosecutor, for appellee.

*Per Curiam.* The sole issue presented in this case is whether the failure of a licensee to receive actual notice of the suspension of his driver's license pursuant to R. C. 4507.40(K) invalidates said suspension where the licensee stipulated that said notice was mailed to him at his last known address as reflected in the records of the Bureau of Motor Vehicles.

The procedure for license suspension is specified in R. C. 4507.40(K) which states in pertinent part:

"When, upon determination of the registrar, any person has charged against him a total of not less than twelve points within a period of two years from the date of the first conviction within the two year period, the registrar shall notify the person by registered mail *to the licensee's last known address,* that his driver's license shall be suspended for six months effective on the twentieth day after mailing the notice***." (Emphasis added.)

Appellant in essence contends that the notice provision in R. C. 4507.40(K) must be interpreted to require actual notice or he will be denied due process of law.*

The standard to be applied in determining whether a statute providing for notice is constitutional was stated in *In re Foreclosure of Liens* (1980), 62 Ohio St. 2d 333, 336, as follows:

"The constitutionality of a notice mechanism is dependent upon the likelihood of its ultimate success in notifying an interested party of a pending action. The precise test was articulated by the United States Supreme Court in *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U. S. 306, wherein the court held, at page 314, that a method for providing notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' "

The court held in this case that the notice provision in R. C. 5721.18(B), which provided only for a copy of a notice of

---

* The decisions of the United States Supreme Court in *Dixon* v. *Love* (1977), 431 U. S. 105, 112, and in *Bell* v. *Burson* (1971), 402 U. S. 535, 539, made it clear that the Due Process Clause applies to a state's suspension or revocation of a driver's license.

the filing of a foreclosure action to be mailed by ordinary mail to the address of the person set forth in the complaint, was reasonably calculated to give interested parties notice of a pending action and was thus constitutional.

In the recent case of *Holmes* v. *Union Gospel Press* (1980), 64 Ohio St. 2d 187, this court faced a similar situation, wherein the constitutionality of R. C. 4141.28(H) was challenged. That section gives any interested party the right to appeal an administrator's decision on reconsideration to the Unemployment Compensation Board of Review within 14 calendar days after the decision on reconsideration is mailed to the last known post office address of the appellant.

This court held, at page 189, that "[t]he requirement of R. C. 4141.28(H), that the administrator's decision on reconsideration be mailed 'to the last known post office address of the appellant,' contemplates that the administrator will mail the copy of the decision to the most current address available in the records of the bureau. That requirement is reasonably calculated to apprise the appellant of the decision and to afford him an opportunity to appeal within rule. R. C. 4141.28(H) meets the test of *Mullane, supra,* and *In re Foreclosure of Liens, supra,* and is therefore not unconstitutional on its face."

There is no significant distinction between the effect of the notice requirements in R. C. 4507.40(K) and 4141.28(H). Both sections require notice to be mailed to the last known address, and both involve the constitutionality of a statutory scheme for administrative suspension or revocation of a benefit or right. As such, we find that the notice provision in R. C. 4507.40 is reasonably calculated to apprise the licensee of his license suspension.

R. C. 4507.13 requires, *inter alia,* that every driver's license contain the name and residence address of the licensee. This address is then placed on file in the Bureau of Motor Vehicles.

The facts of this case demonstrate that the failure of the appellant to receive notice cannot be attributed to the Bureau of Motor Vehicles. It would appear from the record that the appellant failed to report his correct address to the bureau when he renewed his driver's license on September 10, 1977.

The appellant in fact stipulated that the notice of the suspension was mailed to him at his last known address. Thus, it is clear that the bureau made no mistake or error as to appellant's address.

R. C. 4507.40(K) requires that notice by the registrar be sent to the last known address of the licensee. This is a mandatory requirement of the statute. The licensee, however, has the obligation to supply his last known address. "A letter mailed to an incorrect address supplied by the person involved constitutes neglect on his part***." *Ryan* v. *Andrews* (1976), 50 Ohio App. 2d 72, fn. 9, at page 77. "[I]f the address is in error because of his fault***[the licensee] cannot later be heard to complain that he did not get the notice at his last known address." *Fell* v. *Bur. of Motor Vehicles, supra* (30 Ohio App. 2d 151), at page 162.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.