[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 103.]

SKURATOWICZ, APPELLANT, *v*. TRACY, TAX COMMR., APPELLEE.

[Cite as *Skuratowicz v. Tracy*, 1996-Ohio-415.]

*Taxation—Sales tax—Appeal from Tax Commissioner's assessment to Board of Tax Appeals dismissed when not filed within thirty days after notice of assessment—R.C. 5717.02, applied.*

(No. 95-2401—Submitted May 2, 1996—Decided July 24, 1996.)

APPEAL from the Board of Tax Appeals, No. 94-H-266.

_____

{¶ 1} The Tax Commissioner, appellee, assessed sales tax against the Monex Corporation, of which John S. Skuratowicz, appellant, was formerly the president and is currently the statutory agent. Ultimately, the Board of Tax Appeals ("BTA") remanded that matter to the commissioner for implementation of the BTA's order.

{¶ 2} The commissioner issued a final determination in that matter. He delivered it by certified mail to Monex Corporation in care of Skuratowicz at the address listed on a "Certificate of Dissolution by Shareholders of Monex Corporation" on file with the Secretary of State. An individual signing his or her last name as "Skuratowicz" signed for delivery of the final determination on February 5, 1994.

{¶ 3} On March 10, 1994, Skuratowicz "acting on his own behalf" appealed "any and all assessments, assignations, and assignments upon John S. Skuratowicz by the Department of Taxation, State of Ohio ***." The BTA treated this as an appeal of the commissioner's order delivered on February 5. In any event, the BTA dismissed the appeal because "[i]t was not filed within thirty days of the final order from which (Appellant now determines) Mr. Skuratowicz was appealing, and it was an individual appeal and not on behalf of Monex Corporation."

**{¶ 4}** This cause is now before this court upon an appeal as of right.

_____

*Bailey & Slavin* and *Richard C. Slavin*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Richard C. Farrin*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

**{¶ 5}** Skuratowicz argues that the evidence did not support the BTA's finding that he filed his appeal late, and, further, that he was appealing on behalf of Monex. We affirm the BTA's decision to dismiss the appeal because Skuratowicz's appeal was untimely and because Skuratowicz was appealing personally when the assessment was against Monex.

**{¶ 6}** As to the timeliness of the appeal, R.C. 5717.02 requires all appeals from the commissioner to the BTA to be taken "by the filing of a notice of appeal with the board, and with the tax commissioner * * * within thirty days after notice of the tax assessment, reassessment, valuation, determination, finding, computation, or order by the commissioner * * * has been given or otherwise evidenced as required by law."

**{¶ 7}** Under *Castellano v. Kosydar* (1975), 42 Ohio St.2d 107, 71 O.O. 2d 77, 326 N.E.2d 686, syllabus, service by registered or certified mail "is effective when the notice is delivered and properly receipted for by an appropriate person" at the assessee's residence. According to *Mitchell v. Mitchell* (1980), 64 Ohio St. 2d 49, 18 O.O. 3d 254, 413 N.E. 2d 1182, paragraphs one and two of the syllabus, service need not be on the assessee or on the person authorized by appointment or by law to receive service of process. Service of process by certified mail satisfies due process "where it is reasonably calculated to give interested parties notice of a pending action."

{¶ 8} Here, the commissioner sent the order to Monex, in care of John Skuratowicz, Monex's statutory agent, at the address listed in the Secretary of State's files. An individual with the last name Skuratowicz signed for the document. Thus, delivery under these circumstances satisfies due process standards, and Monex received the order on February 5, 1994. Filing the notice of appeal with the BTA thirty-three days later was outside the thirty-day appeal period for filing notices of appeal. Consequently, the BTA's decision as to the timeliness of the filing of the notice of appeal is correct.

{¶ 9} Second, as to Skuratowicz is filing an appeal personally, we also affirm the BTA's decision. R.C. 5717.02 authorizes appeals to the BTA "by the taxpayer [or] by the person to whom notice of the tax assessment, reassessment, valuation, determination, finding, computation, or order by the commissioner is required by law to be given ***." Under R.C. 5739.13, the commissioner serves a copy of his final determination on the person who has filed a petition for reassessment.

{¶ 10} In this case, Monex is the petitioner and thus the person entitled to service of the commissioner's order. The commissioner, on the other hand, did not assess Skuratowicz in this case, and Skuratowicz has no basis to appeal.

{¶ 11} Accordingly, we affirm the decision of the BTA because it is reasonable and lawful.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

———————————