OPINION
Appellant, Eric Roy, appeals a judgment of the Auglaize County Municipal Court sentencing him for operating a motor vehicle while under a license suspension. For the reasons that follow, we affirm the judgment of the trial court.
The record reflects that on November 22, 1998, Appellant was stopped by a State Highway Patrol trooper for driving in excess of the posted speed limit. At that time, it was discovered that Appellant was operating his vehicle under a twelve-point suspension. As a result, Appellant was arrested and charged with operating a vehicle while under a license suspension pursuant to R.C. 4507.02(D)(1). In addition, Appellant was cited for speeding and failure to wear a seatbelt pursuant to R.C. 4511.21(D)(1) and 4513.26.3(B)(1), respectively. On November 25, 1998, at his initial appearance, Appellant pled guilty to the charges of speeding and failure to wear a seatbelt, and pled not guilty to the charge of driving while under suspension.
Thereafter, a trial to the court on this matter was held on May 11, 1999. At trial, Appellant claimed that he received no notification from the Bureau of Motor Vehicles (BMV) regarding the license suspension and, therefore, he was without knowledge regarding this matter. After hearing all the evidence, the trial court ruled that ordinary mail sent to a defendant's correct address or last known address creates a rebuttable presumption that Appellant received the notice. The court further held that Appellant failed to sufficiently establish that he did not receive notice of the license suspension. As a result, Appellant was sentenced to three days in jail and was fined twenty-five dollars for driving while under suspension. Appellant also was fined for speeding and failure to wear a seatbelt.
Appellant now appeals the judgment of the trial court as it relates to the charge of driving while under suspension, assigning two errors for our review. We will address Appellant's assignments of error in reverse order.
 Assignment of Error No. 2 The trial court's decision was against the manifest weight of the evidence. The proper standard to employ when considering an argument that a conviction was against the manifest weight of the evidence has been set forth as follows:
 The [appellate] court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence the [fact-finder] clearly lost its way * * *
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v.Martin (1983), 20 Ohio App.3d 172, 175. Appellate courts are cautioned to sustain manifest weight arguments only in the most extraordinary cases. Thompkins, 78 Ohio St.3d at 387.
Appellant argues that the trial court's decision is against the manifest weight of the evidence because the State failed to establish beyond a reasonable doubt that he was notified of his license suspension by the BMV. In State v. Morrison (1982),2 Ohio App.3d 364 at 366, the Ninth District stated:
 The agency's certified record, if it shows a mailing, would ordinarily make out a prima facie case. Then the licensee would have the burden of going forward with evidence that the notice requirements were not met. However, the burden of proof beyond a reasonable doubt remains at all times on the state to show it met its statutory duty as to notice requirements.
Thus, the issue is a question of fact as to whether the State met its burden. The parties stipulated that the State established a prima facie case regarding the notice requirements. Notwithstanding, Appellant argues that pursuant to Morrison, he properly rebutted the State's evidence by providing uncontroverted testimony that he did not actually receive notice of the license suspension in the mail. In its Journal Entry, the trial court recognized that the burden was on Appellant to rebut the State's evidence and establish that he did not receive notice of the license suspension. However, the trial court stated that "[u]nless the notice has been returned to the BMV, that burden may be virtually impossible to meet." Implicit in the trial court's finding is that Appellant's evidence was not sufficiently credible to rebut the presumption.
Based on the record before us, we conclude that the trial court's decision was based on competent, credible evidence, which includes the stipulated evidence of the BMV's compliance with the statutory requirements. In spite of Appellant's uncontroverted testimony that he never received the notice, the evidence is self-serving and we cannot say that the trial court clearly lost its way. Therefore, the trial court's decision was not against the manifest weight of the evidence.
Accordingly, Appellant's assignment of error is not well taken and is therefore overruled.
 Assignment of Error No. 1 The Defendant-Appellant was denied due process of law, as guaranteed by the Fifth Amendment to the U.S. Constitution and Article I, Section 16 of the Ohio Constitution, where his operator's license was suspended by the State of Ohio without actual notice to the Defendant-Appellant
Within R.C. 4507.02, a notice element is inferred, since it would be fundamentally unfair to convict a defendant for driving while under suspension when that person has not been given notice of the suspension. See State v. Gilbo (1994), 96 Ohio App.3d 332;State v. Webb (Mar. 25, 1998), Licking App. No. 97-CA-107, unreported. Appellant argues that his conviction pursuant to R.C.4507.02(D)(1) should be reversed because it violates his due process rights in that he claims that he never received actual notice of his driver's license suspension.
The procedure for suspending a driver's license is found in R.C. 4507.02.1(K), which states in pertinent part:
 When, upon determination of the registrar, any person has charged against the person a total of not less than twelve points within a period of two years from the date of the first conviction within the two-year period, the registrar shall send written notification to the person at the person's last known address, that the person's driver's or commercial driver's license shall be suspended for six months * * *
In accordance with R.C. 4507.02.1(K) the BMV is required to send notice of license revocations or suspensions pursuant to R.C. 4501.02.2, which states:
 (A) The registrar of motor vehicles shall determine the necessary or appropriate method by which written notice of an order revoking or suspending a motor vehicle driver's or commercial driver's license * * *
 (B) Pursuant to rules adopted by the registrar, the bureau of motor vehicles shall implement proof of mailing procedures to provide verification that written notice of an order revoking or suspending a motor vehicle driver's or commercial driver's license * * * was sent to the person holding the license * * *.
Generally, all State "agencies" within the definition of R.C.119.01 are required to provide notice by registered mail. See R.C. 119.07. However, the BMV is specifically exempted from this requirement pursuant to R.C. 119.06.2, which states:
 (B) Notwithstanding section 119.07 of the Revised Code, the registrar is not required to use registered mail, return receipt requested, in connection with an order revoking or suspending a motor vehicle's driver's license * * *.
Although the Revised Code provides that notice of a licensee's suspension sent by regular U.S. mail constitutes sufficient notice, and although the record demonstrates that the BMV sent the notice of suspension, Appellant nonetheless maintains that he was denied due process of law because he claims he did not receive the notice.
In Mullane v. Central Hanover Bank Trust Co. (1950),339 U.S. 306, 314, the United States Supreme Court stated that the Constitutional concepts of due process require that notice be "reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Therein, the Court held that "notification by ordinary mail to the record addresses" would comport with such due process requirements. Id. At 318.
In Ohio, the issue of whether particular statutory provisions for notice satisfy due process, has been dealt with in numerous analogous instances. In In re: Foreclosure of Liens (1980),62 Ohio St.2d 333, 336, the Ohio Supreme Court addressed the due process issue with respect to R.C. 5721.18(B), which provides for notice in foreclosure proceedings. The statute therein required that notice be sent by ordinary mail. Citing Mullane, the Court held that the ordinary mail notice requirements in R.C. 5721.18(B) meet "reasonably calculated" standards, and "comport with due process requirements." Id. at 336.
In Holmes v. Union Gospel Press (1980), 64 Ohio St.2d 187, certiorari denied (1981), 452 U.S. 916, the Court also addressed the constitutionality of R.C. 4141.28(H), which provides that decisions by the Administrator of the Bureau of Employment Services are to be mailed by ordinary mail to the interested party's last known address. Applying the reasoning outlined inMullane, the Court found that notice sent by ordinary mail to an individual's last known address satisfies due process standards.Id. at 189.
Thereafter, the Supreme Court of Ohio in Townsend v. Dollison
(1981), 66 Ohio St.2d 225, addressed the constitutional issue regarding the notice requirement in former R.C. 4507.40(K), now R.C. 4507.02.1(K), which is the statute herein. In Townsend, the Court relied on the analysis in Holmes, supra, and In reForeclosure of Liens, supra, in reaching its conclusion. Specifically, with respect to the analysis in Holmes, the Court stated:
 There is no significant distinction between the effect of the
notice requirements in R.C. 4507.40(K) and 4141.28(H).
 Both sections require notice to be mailed to the last known address, and both involve the constitutionality of a statutory scheme for administrative suspension or revocation of a benefit or right. As such, we find that the notice provision in R.C. 4507.40(K) is reasonably calculated to apprise the licensee of his license suspension.
Townsend, 66 Ohio St.2d at 227. Ultimately, the Court relied onMullane, holding that the notice requirements in this statute do not violate a licensee's due process rights.
In addition to the above-cited Supreme Court decisions, several decisions by Ohio Courts of Appeal have also held the statutory notice requirement in R.C. 4507.02.1(K) to be sufficient. See State v. Gilbo (1994), 96 Ohio App.3d 332; Starks v. Bureau ofMotor Vehicles (Aug. 5, 1999), Franklin App. No. 98AP-1177, unreported; State v. Webb (Mar. 25, 1998), Licking App. No. 97-CA-107, unreported; State v. May (July, 19, 1995), Ross App. No. 94CA2075, unreported.
Notwithstanding, Appellant attempts to distinguish Townsend
on the basis that in that case the licensee failed to correct his current address with the BMV, whereas in this case, Appellant had provided the BMV with his proper current address. We find Appellant's argument unpersuasive. In the due process sense, this is a distinction without a difference. Statutorily, the BMV is required to send notification of license suspensions by ordinary mail to a licensee's "last known address." See R.C. 4507.02.1(K). Appellant concedes that this was done.
Therefore, we find that Appellant was not denied due process of law.
Accordingly Appellant's assignment of error is not well taken and is therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
SHAW and BRYANT, JJ., concur.