DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Daniel Hayes, appeals the decision of the Summit County Court of Common Pleas, which found him guilty of multiple offenses and sentenced him to a prison term of six years. This Court affirms.
 I. {¶ 2} Appellant was indicted by the Summit County Grand Jury for one count of kidnapping, a violation of R.C. 2905.01(A)(2), with a firearm specification; two counts of aggravated robbery, a violation of R.C.2911.01(A)(1), with a firearm specification related to each count; one count of possession of counterfeit controlled substances, a violation of R.C. 2925.37(A); and one count of obstructing official business, a violation of R.C. 2921.31(A). Appellant initially pled not guilty and the matter proceeded to a jury trial. During trial, the State dismissed one count of aggravated robbery and amended the kidnapping charge from a first degree felony to a second degree felony.
 {¶ 3} The jury found appellant guilty of kidnapping, aggravated robbery, possession of counterfeit controlled substances, and obstructing official business, and the trial court sentenced him to a total of six years imprisonment.
 {¶ 4} Appellant timely appealed his kidnapping and aggravated robbery convictions, setting forth two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"The defendant's conviction was against the manifest weight of the evidence."
 {¶ 5} In his first assignment of error, appellant argues that his kidnapping and aggravated robbery convictions and the related firearm specifications were against the manifest weight of the evidence and based on insufficient evidence. This Court disagrees.
 {¶ 6} Sufficiency and manifest weight of the evidence are legally distinct issues. State v. Manges, 9th Dist. No. 01CA007850, 2002-Ohio-3193, at ¶ 23, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Sufficiency tests whether the prosecution has met its burden of production at trial, whereas a manifest weight challenge questions whether the prosecution has met its burden of persuasion. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600.
 {¶ 7} A claim of insufficient evidence invokes a due process concern and raises the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law. Thompkins,78 Ohio St.3d at 386. In reviewing a challenge to the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact." State v. Clemons (1998), 82 Ohio St.3d 438,444, citing Jenks, 61 Ohio St.3d at 273.
 {¶ 8} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Gulley, supra, citing Thompkins, 78 Ohio St.3d at 390. (Cook, J., concurring). When a defendant maintains that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
This Court may only invoke the power to reverse based on manifest weight in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id. Absent extreme circumstances, an appellate court will not second-guess determinations of weight and credibility. Sykes Constr. Co. v. Martell (Feb. 21, 1992), 9th Dist. Nos. 15034 and 15038.
 {¶ 9} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted.) Statev. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. CuyahogaFalls v. Scupholm (Dec. 13, 2000), 9th Dist. Nos. 19734 and 19735.
 {¶ 10} Appellant was convicted of kidnapping in violation of R.C.2905.01(A)(2), a second degree felony. R.C. 2905.01(A)(2) provides, in relevant part:
"No person, by force, threat, or deception, * * * by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person * * *:
"To facilitate the commission of any felony or flight thereafter[.]"
 {¶ 11} Appellant was also convicted of aggravated burglary in violation of R.C. 2911.01(A)(1), which provides:
"No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall * * *
"Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]"
 {¶ 12} Appellant argues that his convictions were based on circumstantial evidence and that convictions based upon circumstantial evidence must be irreconcilable with any reasonable theory of innocence. Appellant's argument is in direct conflict with the Supreme Court of Ohio's decision in State v. Jenks (1991), 61 Ohio St.3d 259, where that Court stated: "[w]hen the state relies on circumstantial evidence to prove an essential element of the offense charged, there is no need for such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction." Id. at paragraph one of the syllabus.
 {¶ 13} Christopher Meeks testified on behalf of the State. Meeks stated that he was visiting a friend in Akron. Meeks declared that he had a duffle bag full of clothes including three "throwback jerseys" of famous athletes that were worth approximately $300 each. Meeks testified that when his friend left the house to go to the store, he was in a bedroom on the phone. Meeks stated that he was on the phone and a man named "Purple" came in to tell him that some people were outside drinking and that he should come join them. Meeks testified that when he attempted to leave the bedroom, Purple and the appellant were standing in the doorway and Purple had a gun pointed at him. Meeks asserted that Purple then asked him for his money and he started backing up toward the phone. Meeks testified that while Purple was asking him for money and telling him to take his clothes off, appellant went through his duffle bag and started removing his clothes, including the jerseys, from the bag. Meeks stated that Purple and appellant emptied his pockets and took between $75-$80.
 {¶ 14} Meeks went on to testify that when he refused to take off his clothes, appellant told Purple to shoot him or give appellant the gun so that he could shoot him. Meeks stated that Purple then told him to walk outside. Meeks testified that Purple had a gun pointed at his back and was walking him out the door. Meeks declared that once they were outside, he saw the police approaching them. Meeks testified that he yelled and told the police that he was being robbed. Meeks stated that when he yelled that he was being robbed, Purple and the appellant ran.
 {¶ 15} Upon careful review of the testimony and evidence presented at appellant's trial, this Court cannot find that the jury clearly lost its way and created such a manifest miscarriage of justice that appellant's convictions must be reversed and a new trial ordered. This Court concludes that appellant's convictions were not against the manifest weight of the evidence. Having found that the weight of the evidence supports appellant's convictions, any issues concerning sufficiency of the evidence must be similarly disposed. See Roberts, supra. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The defendant's firearm specification conviction must be reversed because the state failed to establish its operability and/or control by defendant."
 {¶ 16} In his second assignment of error, appellant contends that his convictions for firearm specifications must be reversed, because he did not personally possess the gun and because the State failed to offer proof regarding the operability of the gun. For the reasons that follow, this Court finds that this assignment of error lacks merit.
 {¶ 17} R.C. 2941.145(A) provides, in pertinent part:
"Imposition of a three-year mandatory prison term upon an offender under division (D)(1)(a) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense."
 {¶ 18} "An unarmed accomplice who actively participates in a robbery where the victims are held by another accomplice at gunpoint may be subject to a firearm specification and the mandatory commitment time under that specification." In re Foster (May 13, 1998), 9th Dist. No. 97 CA 006766, citing State v. Chapman (1986), 21 Ohio St.3d 41, paragraph one of the syllabus. See, also, State v. White (Nov. 15, 1995), 9th Dist. No. 16900. The same holds true for an individual indicted for and convicted of R.C. 2905.01, kidnapping, and R.C. 2941.145, a firearm specification.
 {¶ 19} To be "operable" a firearm must be "capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant." R.C. 2923.11(B)(1). In determining operability, the trier of fact "may rely upon circumstantial evidence, including * * * the representations and actions of the individual exercising control over the firearm." R.C. 2923.11(B)(2). Accordingly, the trier of fact must evaluate the evidence of a firearm's operability by examining the totality of the circumstances. State v. Murphy (1990), 49 Ohio St.3d 206,208.
 {¶ 20} In the present case, Meeks described the gun that was held on him as a .38 or .44 caliber revolver. The gun was pointed at Meeks in a threatening manner during the robbery, and appellant told Purple to shoot Meeks when he refused to take off his clothes. Appellant then told Purple to give him the gun and that he would shoot Meeks. Meeks testified that he believed that Purple and the appellant were going to shoot him, because they were not wearing masks. In State v. Young (May 26, 1993), 9th Dist. No. 15927, this Court stated: "We believe appellant's use of the gun in a threatening manner while demanding money, in conjunction with Huth's description of the gun, was sufficient for the jury to find beyond a reasonable doubt that the firearm was operable." Likewise in the present case, the jury could have found beyond a reasonable doubt from Meeks' testimony that the firearm was operable.
 {¶ 21} Appellant's second assignment of error is overruled.
 III. {¶ 22} Appellant's two assignments of error are overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J., Batchelder, J., concur.