DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Reginald D. Ware has appealed from the decision of the Summit County Court of Common Pleas that convicted him of aggravated robbery with a gun specification. This Court affirms.
 I {¶ 2} On September 22, 2004, appellant was indicted on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), with a firearm specification under R.C. 2941.145. Appellant could not be located and a capias was issued for his arrest. On June 28, 2005, appellant appeared before the trial court and stood mute; therefore, the trial court entered a "not guilty" plea on his behalf.
 {¶ 3} A jury trial commenced on September 1, 2005 and appellant was subsequently found guilty as charged in the indictment. The trial court sentenced appellant to the mandatory three years incarceration on the firearm specification and to five years incarceration on the aggravated robbery conviction, with the sentences to be served consecutively with each other.
 {¶ 4} Appellant has appealed his firearm specification, asserting one assignment of error.
 II ASSIGNMENT OF ERROR
"APPELLANT'S CONVICTION FOR THE FIREARM SPECIFICATION WAS BASED UPON INSUFFICIENT EVIDENCE AS A MATTER OF LAW."
 {¶ 5} In his sole assignment of error, appellant has argued that his firearm specification conviction was based on insufficient evidence. Specifically, he has argued that no evidence was presented that the firearm was operable. We disagree.
 {¶ 6} When reviewing the legal sufficiency of the evidence to support a conviction, it is the function of this Court:
"to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 7} "`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins
(1997), 78 Ohio St.3d 380, 386. (Citations omitted). A reversal of a verdict based on the insufficiency of the evidence means that no rational trier of fact could have found the defendant guilty. Id. at 387.
 {¶ 8} The jury found that appellant "did have a firearm on or about his person or under his control while committing [the] Aggravated Robbery and [he] displayed, brandished, indicated that he possessed [the] firearm, or used it to facilitate [the] Aggravated Robbery." Appellant has not appealed the jury's finding that he had a gun during the robbery; rather his appeal argues that the State failed to establish that the gun was operable.
 {¶ 9} During the trial the following testimony was presented regarding the firearm specification. Officer William Price of the Akron Police Department ("APD") responded to a 911 call at a Rolling Acres jewelry store of a robbery with a handgun. The victim described the handgun to Officer Price as a black 9mm handgun.
 {¶ 10} Shadi Mahmoud Jaber ("Jaber"), the victim of the robbery, testified to the following. Appellant and another man pretended they were interested in buying jewelry and were trying the items on when the other man ran out of the store. When Jaber started to go after him, appellant pointed a handgun at Jaber and said "Don't even think about it." Appellant then backed up slowly, put away the gun and took off running.
 {¶ 11} It is undisputed that the handgun Jaber described was not recovered. Accordingly, this Court reviews whether Jaber's testimony and the 911 call provided sufficient evidence to support the operability of the gun under the gun specification.
 {¶ 12} Pursuant to R.C. 2923.11(B)(1), a firearm "means any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. `Firearm' includes an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable." "When determining whether a firearm is capable of expelling or propelling * * *, projectiles * * * the trier of fact may rely upon circumstantial evidence, including, but not limited to, the representations and actions of the individual exercising control over the firearm." R.C. 2923.11(B)(2).
 {¶ 13} This Court "evaluate[s] the evidence of a firearm's operability by examining the totality of the circumstances."State v. McElrath (1996), 114 Ohio App.3d 516, 519, citingState v. Murphy (1990), 49 Ohio St.3d 206, 208. In McElrath,
this Court found that in cases where no shots are fired and the firearm is not recovered, circumstantial evidence, such as the representations and actions of the gun operator, are of crucial importance. Id. Specifically, this Court has found that "`the implicit threat of brandishing a firearm' supports an inference that the firearm was operable." State v. Williams (Dec. 27, 2000), 9th Dist. No. 19559, citing McElrath,114 Ohio App.3d at 519-520. Moreover, we have a long precedent of finding operability sufficiently established, even though a weapon is not recovered, when one brandishes a gun in a threatening manner and the victim testifies to the threat and describes the gun. SeeMcElrath and Williams supra; see, also, State v. Hayes, 9th Dist. No. 22168, 2005-Ohio-1464 and State v. Young (May 26, 1993), 9th Dist. No. 15927.
 {¶ 14} Viewing the evidence in a light most favorable to the prosecution, this Court finds that any rational trier of fact could have found beyond a reasonable doubt that the gun used in the instant matter was operable. Jaber testified that after appellant's friend ran off with the jewelry and Jaber moved to go after him, appellant pointed a black 9mm handgun at him and threatened him. We find Jaber's testimony, along with Officer Price's, legally sufficient to establish the operability of the gun. Accordingly, appellant's sole assignment of error is overruled.
 III {¶ 15} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Slaby, P.J. Moore, J. Concur.