[Cite as *State v. Johnson*, 2012-Ohio-5069.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98001**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SHARDA E. JOHNSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-552626

**BEFORE:** S. Gallagher, J., Blackmon, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** November 1, 2012

**ATTORNEY FOR APPELLANT**

Michael V. Heffernan
75 Public Square
Suite 700
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Diane Russell
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} Defendant-appellant, Sharda Johnson, appeals from her conviction for carrying a concealed weapon. For the following reasons, we affirm.

{¶2} At approximately 3:45 a.m. on July 20, 2011, Cleveland police officers Dickens and Anderson received a call from dispatch about gunshots being fired in the area of East 140th Street and Southview Avenue. Dispatch subsequently provided a description of the car suspected of carrying the shooter, along with the car's license plate number. The car had a distinct color combination. Dickens and Anderson found the car on East 142nd Street while it was stopped in the middle of the street alongside another car. The drivers were talking to each other and impeding traffic flow. The officers pulled the suspect car over for a traffic stop.

{¶3} Dickens explained the reason for the stop to Johnson, the car's driver. The officers asked Johnson for some identification, and then asked her to step out of the car. Johnson stepped out of the car, and at Dickens's request, placed her purse on top of the patrol car. When the purse fell open, Dickens observed a handgun sticking out of it.

{¶4} Dickens questioned Johnson about the handgun, and she told him that she had a carrying a concealed weapon ("CCW") license. Dickens told her that even if she had a license, Johnson did not tell him, as required by law, about the handgun. The officer

inquired through dispatch about Johnson's license, and learned the license was under suspension. Dickens then arrested Johnson for carrying the gun without a valid license.

{¶5} Dickens meanwhile concluded that Johnson's handgun was not involved in the gunshot incident because the magazine was fully loaded with nine bullets. He removed the chamber and smelled the gun; it was clean and did not appear to have been fired.

{¶6} On August 17, 2011, Johnson was charged with one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2), a fourth-degree felony. A bench trial occurred on December 2, 2011. On December 21, 2011, the court found Johnson guilty as charged in the indictment. The court sentenced Johnson on January 15, 2012, to one year of community control sanctions.

{¶7} Johnson timely appealed and presents two assignments of error for review. She challenges her conviction as being both against the manifest weight of the evidence and not supported by sufficient evidence. Upon a review of the record, we find Johnson's arguments have no merit.

{¶8} In her first assignment of error, Johnson asserts that she did not know about her CCW license suspension because the Cuyahoga County Sheriff's Department sent the notice of suspension to her former address on Langly Avenue. Johnson also asserts that she did not know her license was subject to suspension as a result of a July 2010 indictment, that she did not know about the 45-day change of address requirement relating to the license, and that she believed she changed her address with the Sheriff's

Department when she repossessed her handgun and registered it with the police department after resolution of the July 2010 case. Johnson argues, therefore, the court created a manifest miscarriage of justice by convicting her of carrying a concealed weapon because the state failed to produce evidence of her knowledge about the suspension.

{¶9} In reviewing a claim challenging the manifest weight of the evidence, the appellate court determines whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt." *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 81. This court examines the entire record in order to determine whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.*

{¶10} In applying this standard, we conclude the weight of the evidence supports Johnson's conviction for carrying a concealed weapon. Johnson completed and signed on February 11, 2009, the State of Ohio Application for a License to Carry a Concealed Handgun. The application includes the following statement:

> I have been furnished, and have read, the pamphlet that explains the Ohio firearms laws, that provides instructions in dispute resolution and explains the Ohio laws related to that matter, and that provides information regarding all aspects of the use of deadly force with a firearm, and I am

knowledgeable of the provisions of those laws and of the information on those matters.

**{¶11}** The pamphlet provided to Johnson at the time of her application was not admitted into evidence. We do not know, therefore, whether it contained the change in address requirement. Regardless, pursuant to R.C. 2923.126(A), a CCW licensee "shall give notice of any change in the licensee's address to the sheriff who issued the license within forty-five days after that change."

**{¶12}** Johnson applied for the CCW license when she resided on Langly Avenue. Johnson moved out of the Langly Avenue home on May 29, 2010, and moved about a month later to East 142nd Street. She failed, however, to comply with R.C. 2923.126(A) by not providing her new address to the sheriff's department.

**{¶13}** Johnson was arrested on July 4, 2010, and the arresting officers confiscated her handgun. Because of the ensuing indictment and pursuant to R.C. 2923.128(A), the sheriff's department on or about August 16, 2010, sent via certified mail to Johnson's last known address on Langly Avenue, the notice of suspension of her CCW license. The certified mail receipt was returned to the sheriff's department with a stamp that the residence was vacant. The police later returned Johnson's handgun to her after the trial court granted on April 21, 2011, her pro se motion to return the handgun. Johnson nonetheless never received the notice of suspension because she did not provide her new address to the sheriff's department until after her July 2011 arrest.

**{¶14}** R.C. 2923.128(A)(3) states:

[T]he sheriff who issued the licensee's license or temporary emergency license to carry a concealed handgun shall notify the licensee, by certified mail, return receipt requested, *at the licensee's last known residence address* that the license or temporary emergency license has been suspended and that the licensee is required to surrender the license or temporary emergency license at the sheriff's office within ten days of the date on which the notice was mailed.

(Emphasis added.)

{¶15} In *Gaston v. Medina Cty. Bd. of Revision*, Slip Opinion No. 2012-Ohio-3872, the Supreme Court of Ohio considered the issue of whether the Board of Revision had jurisdiction to issue an order increasing the value of property when the property owner asserts he did not receive notice of the board's hearing. The court stated at ¶ 13:

> In tax cases, we have adopted the standard that "service by registered or certified mail 'is effective when the notice is delivered and properly receipted for by an appropriate person' at the assessee's address." *Skuratowicz v. Tracy*, 76 Ohio St.3d 103, 104, 1996-Ohio-415, 666 N.E.2d 1096 (1996), quoting *Castellano v. Kosydar*, 42 Ohio St.2d 107, 326 N.E.2d 686 (1975), syllabus.* * * [W]hen the record shows timely certified mailing of the administrative order and also shows receipt by a proper person at the taxpayer's address, the service is presumed valid — with the result that the taxpayer must shoulder the burden to rebut by presenting "sufficient evidence demonstrating non-service." *New CoOperative Co. v. Liquor Control Comm.*, 10th Dist. No. 01AP-1124, 2002-Ohio-2244, ¶ 9 (applying the same standard to service of liquor-control commission order); *Tripodi v. Liquor Control Comm.*, 21 Ohio App.2d 110, 112, 255 N.E.2d 294 (1970); *Oak Grove Manor, Inc. v. Ohio Dept. of Human Servs.*, 10th Dist. No. 01AP-71, 01AP-72, 2001-Ohio-4113, 2001 WL 1269372, *4 (Oct. 23, 2001) (same analysis regarding service of Medicaid reimbursement-rate order); *accord Holmes v. Union Gospel Press*, 64 Ohio St.2d 187, 189, 414 N.E.2d 415 (1980) (administrative decision was validly served when mailed per statute to the party's last known address); *Townsend v. Dollison*, 66 Ohio St.2d 225, 228, 421 N.E.2d 146 (1981) (same with administrative license suspension).

**{¶16}** There is no significant distinction between the effect of the notice requirement here and those in R.C. 4141.28(H), as discussed in *Holmes*, and R.C. 4507.40(K), as discussed in *Townsend*. The requirement that the notice of suspension of a CCW license be mailed to "*the licensee's last known residence address*" contemplates that the sheriff's department will mail the notice of suspension to the licensee's most current address in its records. That requirement is reasonably calculated to apprise the licensee of the suspension. The sheriff's department, therefore, validly served the notice of suspension when it sent it by certified mail per R.C. 2923.128(A)(3) to Johnson's last known address on Langly Avenue.

**{¶17}** Johnson, as a CCW licensee, had the obligation under R.C. 2923.126(A) to provide notice within 45 days of a change in address to the sheriff's department. The department's act of mailing the suspension notice to Johnson's old address constitutes neglect on her part. "'If the address is in error because of [her] fault * * * [the licensee] cannot later be heard to complain that [she] did not get notice at [her] last known address.'" *Townsend*, 66 Ohio St.2d 225, 228, 421 N.E.2d 146, quoting *Fell v. Bur. of Motor Vehicles*, 30 Ohio App.2d 151, 162, 283 N.E.2d 825 (8th Dist.1972).

**{¶18}** Anyone who applies for and obtains a CCW license is 100 percent responsible for learning, understanding, and complying with the restrictions and regulations, both state and federal, that coincide with exercising the right to carry a concealed handgun. Johnson was carrying a loaded handgun without a valid CCW license. Appellant's alleged mistake relates to her purported lack of knowledge of what

the law required of her in connection with the license. A mistake of law defense is not recognized by this state. *State v. Pinkney*, 36 Ohio St.3d 190, 198, 522 N.E.2d 555 (1988). If Johnson really did not know the law, her ignorance was by choice. "It is an axiomatic legal principle that ignorance of the law is no excuse." *State v. Bell*, 6th Dist. No. L-10-1066, 2011-Ohio-969, ¶ 19, citing *U.S. v. Internatl. Minerals & Chem. Corp.*, 402 U.S. 558, 563, 91 S.Ct. 1697, 29 L.Ed.2d 178 (1971).

**{¶19}** Further, the plain language of R.C. 2923.12(A)(2) does not require Johnson to be aware of the CCW license suspension as an element of the offense. Rather, the statute only requires her to knowingly carry or have concealed on her or concealed ready at hand, a handgun. *See State v. Harper*, 5th Dist. No. 2010-CA-44, 2011-Ohio-4568 (under the plain language of R.C. 2923.13(A)(2), because notice of a disability is not an express element of the offense charged, the statute does not require a defendant to be aware of or have knowledge of his disability). *See also State v. Johnson*, 128 Ohio St.3d 107, 2010-Ohio-6301, 942 N.E.2d 347, and *State v. Schilling*, 5th Dist. No. 2000AP040034, 2000 Ohio App. LEXIS 4340 (same).

**{¶20}** Accordingly, constructive notice reasonably calculated to apprise the licensee of the suspension is all that is required by the sheriff's department in order for a CCW license suspension to be valid. The trial court did not clearly lose its way and create such a manifest miscarriage of justice requiring a reversal of Johnson's conviction and an order for new trial.

**{¶21}** Accordingly, Johnson's first assignment of error is overruled.

**{¶22}** In her second assignment of error, Johnson reasserts that she had no knowledge of the suspension of her CCW license. According to her, she was legally carrying the handgun in her handbag on July 20, 2011. Johnson also asserts the state failed to prove that the handgun was operable, or that it could be rendered readily operable, as required by R.C. 2923.11(B)(1). She argues, therefore, that her conviction for carrying a concealed weapon under R.C. 2923.12(A)(2) is not supported by sufficient evidence.

**{¶23}** The Ohio Supreme Court in *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565, ¶ 113, explained the standard for sufficiency of the evidence as follows:

Raising the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law invokes a due process concern. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. In reviewing such a challenge, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

**{¶24}** We initially reject Johnson's argument relating to lack of knowledge of the suspension for the same reasons stated in our decision overruling her first assignment of error. The state was not required to prove Johnson had actual knowledge of the license suspension in order to obtain a conviction under R.C. 2923.12(A)(2). Johnson was not charged with a criminal violation relating to her license. The license was suspended administratively under R.C. 2923.128(A).

**{¶25}** As to her argument relating to operability, the Ohio Supreme Court, in addressing whether the firearm specification in R.C. 2929.71 can be proven beyond a reasonable doubt without actually presenting scientific or direct evidence as to the operability of the firearm, held that

> [t]he state must present evidence beyond a reasonable doubt that a firearm was operable at the time of the offense before a defendant can receive an enhanced penalty pursuant to R.C. 2929.71(A). However, such proof can be established beyond a reasonable doubt by the testimony of lay witnesses who were in a position to observe the instrument and the circumstances surrounding the crime. (*State v. Gaines* [1989], 46 Ohio St.3d 65, 545 N.E.2d 68, modified.)

*State v. Murphy*, 49 Ohio St.3d 206, 551 N.E.2d 932 (1990), syllabus.

**{¶26}** The Ohio Supreme Court later refined the manner by which the state may prove a firearm specification in *Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541, where the court found that

[i]n determining whether an individual was in possession of a firearm and whether the firearm was operable or capable of being readily rendered operable at the time of the offense, the trier of fact may consider all relevant facts and circumstances surrounding the crime, which include any implicit threat made by the individual in control of the firearm.

*Id*. at paragraph one of the syllabus.

**{¶27}** Moreover, with respect to operability, in *State v. Fulton*, 8th Dist. No. 96156, 2011-Ohio-4259, we recently explained:

"This Court 'evaluate[s] the evidence of a firearm's operability by examining the totality of the circumstances.' *State v. McElrath* (1996), 114 Ohio App.3d 516, 519, 683 N.E.2d 430, citing [*Murphy* at 208]. In *McElrath*, this Court found that in cases where no shots are fired and the firearm is not recovered, circumstantial evidence, such as the representations and actions of the gun operator, are of crucial importance. *Id*. Specifically, this Court found that '"the implicit threat of brandishing a firearm" supports an inference that the firearm was operable.' *State v. Williams* (Dec. 27, 2000), 9th Dist. No. 19559, 2000 Ohio App. LEXIS 6167, citing *McElrath*[, 114 Ohio App.3d] at 519-520."

*Id*. at ¶ 34, quoting *State v. Ware*, 9th Dist. No. 22919, 2006-Ohio-2693, ¶ 13.

**{¶28}** From the totality of the circumstances in the instant case, we find that the handgun was operable. According to her testimony, Johnson obtained the CCW license for security purposes. On July 19, 2011, at approximately 8:00 p.m., Johnson let a friend take her car to perform some repairs. When he failed to return the car to her by 3:45 a.m. on July 20, she called him, and he later arranged for her to pick up the car on East 140th Street, about one mile from her home. Johnson carried the loaded handgun when she walked to her car because she was afraid to be in that area in the middle of the night. The gun made her feel safe. While she was aware of the requirement to tell the officers about her concealed weapon, Johnson did not tell them. Officer Dickens testified that he

removed nine bullets from the handgun. It was, therefore, reasonable for the trier of fact to conclude that Johnson's act of carrying a loaded handgun because it made her feel safe meant to imply this gun was, in fact, operable. *McElrath.*

**{¶29}** Given the evidence, we conclude any rational trier of fact could have found beyond a reasonable doubt that Johnson carried a concealed, and operable, weapon. Her conviction is thus supported by sufficient evidence. *Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565.

**{¶30}** Johnson's second assignment of error is overruled.

**{¶31}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, A.J., and
LARRY A. JONES, SR., J., CONCUR
KEY WORDS: Case No. 98001 -   State of Ohio v. Sharda E. Johnson