[Cite as *State v. Brooks*, 2017-Ohio-5518.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160743 |
| | | TRIAL NO. 16TRD-32914A |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| EUGENE BROOKS, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: June 28, 2017


*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Christopher Liu*, Appellate Director, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Demetra Stamatakos*, Assistant Public Defender, for Defendant-Appellant.

**MYERS, Judge.**

{¶1}    Defendant-appellant Eugene Brooks appeals his conviction for driving under a 12-point license suspension, in violation of R.C. 4510.037(J).   The state concedes that the conviction must be reversed.

{¶2}    At trial, the state presented the testimony of a police officer who stopped Brooks on July 28, 2016, and cited him for driving under a 12-point suspension.   The state's evidence included a copy of Brooks's driving record from the Ohio Bureau of Motor Vehicles ("BMV").   The driving record reflected a 12-point suspension for the period of May 3, 2016 to October 30, 2016, but did not reflect that Brooks had been notified of the suspension.

{¶3}    In his first assignment of error, Brooks challenges the sufficiency of the evidence supporting his conviction.   He asserts that the state failed to prove that he had been notified of his 12-point license suspension, which he argues is a predicate to a lawful suspension under R.C. 4510.037(J).

{¶4}    In a challenge to the sufficiency of the evidence, the question is whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found all the essential elements of the crime proved beyond a reasonable doubt.   *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶5}    R.C. 4510.037(J) prohibits a person from operating a motor vehicle if his driver's license has been suspended as a repeat traffic offender under the section:

Any person whose driver's * * * license * * * [is] suspended as a repeat traffic offender under this section and who, during the suspension, operates any motor vehicle upon any public roads and highways is guilty of driving under a twelve-point suspension, a misdemeanor of the first degree.

{¶6} The term "repeat traffic offender" is not separately defined in R.C. Chapter 4510. However, under R.C. 4510.037(E), if a person's driving record indicates that 12 or more points have been charged against him within a two-year period, "it is prima-facie evidence that the person is a repeat traffic offender," and the registrar shall suspend the person's driver's license pursuant to R.C. 4510.037(B).

{¶7} R.C. 4510.037(B) requires the registrar of motor vehicles to "send a written notice" to any person who has 12 or more points charged against him within a two-year period, and to impose a class D suspension of the person's license:

When the registrar determines that the total points charged against any person under section 4510.036 of the Revised Code within any two-year period beginning on the date of the first conviction within the two-year period is equal to twelve or more, the registrar shall send a written notice to the person at the person's last known address by regular mail. The notice shall list the reported violations that are the basis of the points charged, list the number of points charged for each violation, and state that, because the total number of points charged against the person within the applicable two-year period is equal to twelve or more, the registrar is imposing a class D suspension of the person's driver's or commercial driver's license or permit or nonresident operating privileges for the period of time specified in division (B)(4) of section 4510.02 of the Revised Code. The notice also shall state that the suspension is effective on the twentieth day after the mailing of the notice, unless the person files a petition appealing the determination and suspension in the municipal court[.]

{¶8} To summarize, R.C. 4510.037(B) requires written notice to the offender. And that written notice must include: (1) a list of the reported violations that are the basis of the points charged; (2) a list of the number of points charged for each violation;

3

(3) a statement that because the total number of points charged against the person within the applicable two-year period is equal to 12 or more, the registrar is imposing a class D suspension of the person's license for the period of time specified in R.C. 4510.02; and (4) a statement that the suspension is effective on the twentieth day after the mailing of the notice, unless the person appeals the determination and suspension.

{¶9}   A 12-point suspension under R.C. 4510.037(B) requires notice be mailed to the offender.  *See Townsend v. Dollison*, 66 Ohio St.2d 225, 228, 421 N.E.2d 146 (1981) (interpreting analogous former R.C. 4507.40(K)).  To prove a violation of R.C. 4510.037(J), the state must prove that the registrar complied with the notice provisions of R.C. 4510.037(B).  *See State v. Roberts*, 1st Dist. Hamilton No. C-800135, 1981 WL 9650 (Feb. 25, 1981) (notice of a 12-point license suspension is required to prove a lawful suspension and is necessary to support a conviction under former R.C. 4507.40).

{¶10}   The state concedes that it failed to prove that the registrar complied with the notice provisions of R.C. 4510.037(B).  Therefore, we hold that Brooks's conviction under R.C. 4510.037(J) was based upon insufficient evidence.

{¶11}   We sustain the first assignment of error.  We reverse the judgment of the trial court and discharge Brooks from further prosecution.  Our disposition of the first assignment of error renders the second assignment of error challenging the weight of the evidence moot.

Judgment reversed and appellant discharged.

**MOCK, P.J.,** and **MILLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.